IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles R. Major, ) | C/A No. 6:14-290-GRA-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| U.S. Department of Housing and Urban ) | |
| Development; Mr. Eric Brinkley, SC Director of ) | |
| HUD; The Housing Authority City of Greenville; ) | |
| The GCHA Board Chairman, Mr. Andre Arnold; ) | |
| Ms. Princella Bridges, HACG Board Member; ) | |
| Ms. Felsie Harris, HACG Board Member; Ms. ) | |
| Diane Keller, HACG Board Member; Mr. ) | |
| Derrick Bonaparte, HACG Board Member; Ms. ) | |
| Anneice Newkirk, HACG Board Member; Mr. ) | |
| Jon Good, HACG Board Member; Mr. Mike ) | |
| Raymond, Retired HACG Director; Ms. Cindy ) | |
| Herrera, HACG Interim Director; Ms. Emily ) | |
| Whitney, sued in her personal capacity as a ) | |
| third party of interest, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

<u>Background</u>

This *pro se* Plaintiff brings a § 1983 civil action alleging subject matter

jurisdiction pursuant to the federal public housing statute and Section 8 voucher

regulations.  Compl. 2.  He alleges that the incidents involved in this lawsuit occurred

February 2, 2012, and thereafter, when the defendants promised to give him $1,800 and

a Section 8 housing voucher in order to settle his previous lawsuit against several of the

same defendants.  *Id.* at 2–5.  Plaintiff seems to allege that defendant Mike Raymond

("Raymond") and Ms. Tollision told him about two available Section 8 rental properties that

he could view. *Id.*  He alleges that, based on their suggestion, he obtained a doctor's

recommendation in order to qualify for a two-bedroom unit, and, in mid-February 2012, he

visited the two available properties thereafter calling to advise them as to his choice. *Id.*
He alleges that Raymond refused to speak with him because defendant Emily Whitney
("Whitney"), an attorney, had become involved in the matter, and she had directed
Raymond not to speak with Plaintiff. *Id.* Plaintiff alleges that Whitney attempted to settle
the lawsuit with him for $1,300 and a Section 8 voucher. *Id.* Plaintiff apparently refused
to accept that offer because he brings this action for breach of the original settlement
agreement. *Id.* Plaintiff alleges Whitney committed gross negligence and violated ethics
rules. *Id.* He alleges all defendants were in a conspiracy against him beginning in March
of 2012. *Id.* He alleges he wrote letters to "HUD" (presumably the Department of Housing
and Urban Development), the Housing Authority City of Greenville ("HACG") Board
Chairman Arnold, and all board members of the HACG in his effort to obtain the Section
8 voucher promised him in February 2012. *Id.* For his relief, Plaintiff seeks damages, a
court order that he be given a Section 8 voucher that he was contractually promised, and
a court order that Whitney be disallowed from representing the other named defendants
as their attorney. *Id.* at 6–7.

     This court takes judicial notice that Plaintiff previously filed a similar lawsuit
pursuant to § 1983 in 2012 against the HACG, Marian Todd, and Mike Raymond, and this
court granted summary judgment to the defendants.[1] *See* Orders, *Major v. Hous. Auth.*,
C/A No. 6:12-183-GRA-KFM (D.S.C. Sept. 28 and Oct. 23, 2012), ECF Nos. 180, 188.
The Fourth Circuit Court of Appeals affirmed the decision. *See* Opinion, C/A No. 6:12-183-

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may
properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d
1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the
content of court records.'").

GRA-KFM (4th Cir. June 4, 2013), ECF No. 201.  In the prior action, Plaintiff alleged that the defendants violated his constitutional right to due process based on the termination of his contract for HUD housing assistance when he was evicted from Scott Towers in January 2010. *See* Order, *Major v. Hous. Auth.*, C/A No. 6:12-183-GRA-KFM (D.S.C. Oct. 23, 2012), ECF No. 188.  This court ruled that Plaintiff was afforded due process in his eviction proceedings, and the individual defendants were entitled to qualified immunity. *See* Order, *Major v. Hous. Auth.*, C/A No. 6:12-183-GRA-KFM (D.S.C. Sept. 28, 2012), ECF No. 180.

In the instant action, after the Complaint was filed, this court entered an order on February 20, 2014, to require Plaintiff to bring this action into proper form before determining whether service of process should be authorized [Doc. 6].  This court required Plaintiff to submit the following documents by March 17, 2014: a summons that lists every defendant, a Form USM-285 for each defendant, and *pro se* party's answers to Rule 26.01 interrogatories. *Id.*  On March 17, 2014, Plaintiff requested an extension of time [Doc. 10], and on March 18, 2014, this court granted him an extension through April 17, 2014 [Doc. 13].  On March 17, 2014, Plaintiff also filed a motion for change of venue and for recusal by both judges assigned to this case—Senior United States District Judge G. Ross Anderson, Jr. and the undersigned [Doc. 9].  Plaintiff seems to allege that he needs different judges because of the demonstrated failure for him to get a fair hearing against these defendants. [Doc. 16.]  Plaintiff also asserts that his "physical/mental inability precludes the complete dismissal for failure to prosecute." [Doc. 16.]  Plaintiff has not

brought this action into proper form, and he did not submit any of the documents requested by this court's February 20, 2014, order.

Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

First, the motion for recusal should be denied because Plaintiff does not plausibly allege any facts from an extrajudicial source that rise to the level of bias or prejudice by Judge Anderson or the undersigned.  The Fourth Circuit Court of Appeals has held that under 28 U.S.C. § 455(a) and (b)(1), related to a judge's duty to recuse, a judge's bias or prejudice usually must stem from "'a source outside the judicial proceeding at

4

hand,'" and judicial rulings and "'opinions formed by the judge on the basis of . . . prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'" *Belue v. Leventhal*, 640 F.3d 567, 572–73 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540 (1994)).  Here, Plaintiff seems to allege that he needs different judges because of the demonstrated failure for him to get a fair hearing against these defendants.  Plaintiff was unsuccessful in his prior action before Judge Anderson and the undersigned, so he apparently believes that there is bias or prejudice against him such that he will not get a fair hearing in this new action.  However, the fact that the prior case's judicial rulings were unfavorable to Plaintiff is not a valid reason for recusal.  Plaintiff's motion, therefore, is insufficient as a matter of law to establish any basis for Judge Anderson or the undersigned to recuse himself.

Secondly, this action should be dismissed for lack of subject matter jurisdiction.  Although Plaintiff attempts to allege federal question subject matter jurisdiction, this court finds that the real crux of the matter is a breach of contract state law claim.  While Plaintiff's prior lawsuit, *Major v. Hous. Auth.*, C/A No. 6:12-183-GRA-KFM, raised a federal question based on an alleged due process violation related to public housing benefits, in contrast, this action is based only on breach of the settlement agreement allegedly entered into between Plaintiff and Raymond that Plaintiff would receive $1,800 and a Section 8 housing voucher if he would dismiss the prior lawsuit.  Such a claim is based on state contract law; here, Plaintiff does not allege any violation of the federal statutes or regulations governing Section 8 housing, nor a violation of procedural due process related to a property right he actually had in relation to a housing

5

voucher. *Cf. Brown v. Bennettsville Hous. Auth.*, C/A No. 4:09-1464-RBH, 2009 WL 2229620, at *2–3 (D.S.C. July 23, 2009) (discussing procedural and substantive due process issues and property rights related to public housing).  Thus, Plaintiff's claims will not be "determined by application of a federal law over which Congress has given the federal courts jurisdiction." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  Additionally, Plaintiff's allegations against Whitney seem to be based on malpractice, which is also a state law claim.  Therefore, this court does not have federal question jurisdiction.

Of course, a civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103.  Plaintiff's allegations indicate that Plaintiff and many defendants are domiciled in South Carolina; thus, complete diversity is lacking.  Accordingly, this court has no diversity jurisdiction over this action.

6

<u>Recommendation</u>

It is recommended that the district court deny the motion for recusal and dismiss the Complaint without prejudice and without issuance and service of process. Any remaining pending motions should be dismissed without prejudice. Plaintiff's attention is directed to the important notice on the next page.

April 24, 2014                                        Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).