UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles R. Major, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. Department of Housing and Urban )<br>Development; Mr. Eric Brinkley, *SC* )<br>*Director of HUD*; The Housing Authority )<br>of Greenville; Mr. Andre Arnold, *The* )<br>*GCHA Board Chairman*; Ms. Princella )<br>Bridges, *HACG Board Member*; Ms. )<br>Felsie Harris, *HACG Board Member*; )<br>Ms. Diane Keller, *HACG Board* )<br>*Member*; Mr. Derrick Bonaparte, *HACG* )<br>*Board Member*; Ms. Anneice Newkirk, )<br>*HACG Board Member*; Mr. Jon Good, )<br>*HACG Board Member*; Mr. Mike )<br>Raymond, *Retired HACG Director*; Ms. )<br>Cindy Herrera, *HACG Interim Director*; )<br>Ms. Emily Whitney, *sued in her personal* )<br>*capacity as a third party of interest*, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 6:14-cv-00290-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on April 24, 2014.  ECF No. 20.

Plaintiff Charles R. Major ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action on February 3, 2014 pursuant to 42 U.S.C. § 1983, alleging subject matter jurisdiction pursuant to the federal public housing statute and Section 8 voucher regulations.  ECF No. 1 at 2; ECF No. 3.  Plaintiff then filed a motion for

change of venue and recusal by both judges assigned to this case—United States Magistrate Judge McDonald and the undersigned—on March 17, 2014.  ECP No. 9.

Under established procedure in this judicial district, Magistrate Judge McDonald made a careful review of Plaintiff's *pro se* complaint and motion, and now recommends that this Court deny Plaintiff's motion and summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process.  ECF No. 20.  Plaintiff did not object to the magistrate judge's Report and Recommendation.

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  *See* ECF No. 3.  To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Furthermore, the failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam).

In this case, Plaintiff received a copy of the magistrate judge's Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation" warning that "[f]ailure to timely file specific written objections . . . will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation."  ECF No. 20.  Objections to the magistrate judge's

Report and Recommendation were due by May 12, 2014. *Id.* Plaintiff did not file any objections, and the time to object has passed.

After reviewing the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, for the reasons articulated by the magistrate judge, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for recusal is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is summarily DISMISSED without prejudice and without issuance and service of process. All other pending motions in this case are DISMISSED as moot.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  3 , 2014
Anderson, South Carolina